| | |
|---|---|
| OWNERS INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:09-cv-173 |
| ) | |
| v. ) | Collier/Lee |
| ) | |
| WHITTMAN W. MILLER, ) | |
| RED LEAF PROPERTIES, LLC, ) | |
| CATRELLE HENDERSON and ) | |
| TARA HENDERSON, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff, Owners Insurance Company, and states its Complaint for Declaratory Judgment pursuant to Rule 57 of the *Federal Rules of Civil Procedure* and 28 U.S.C. §2201 against the Defendants, Whittman W. Miller, Red Leaf Properties, LLC, Catrelle Henderson and Tara Henderson as follows:

### I. THE PARTIES

1. Plaintiff Owners Insurance Company (hereinafter referred to as "Owners"), which was organized under the laws of Michigan, has its principal place of business in Lansing, Michigan. Owners issued its Commercial General Liability Policy No. 054619-0338778-07 to Red Leaf Properties, LLC, with a policy period from 6/20/07 to 6/20/08 ("Policy").

2. Defendant Red Leaf Properties, LLC ("Red Leaf") is a limited liability company organized and existing under the laws of the State of Tennessee, with its principal place of business located at 711 Signal Mountain Road, No. 173, Chattanooga, Hamilton County, Tennessee.

3. Defendants Whittman W. Miller ("Miller"), Catrelle Henderson and Tara Henderson (the "Hendersons") are a residents of the State of Tennessee.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is diversity of citizenship between the Plaintiff and the Defendants, and the amount in controversy exceeds $75,000.00. The Plaintiff is a Michigan corporation with its principal place of business in Lansing, Michigan. Defendant Red Leaf is a Tennessee business entity with its principal place of business in Chattanooga, Tennessee. The Defendants, Miller and the Hendersons, are residents of Tennessee and their residency and domicile are in Chattanooga, Hamilton County, Tennessee. The amount in controversy herein exceeds $75,000.00 because the amount in controversy in the underlying action described below and the applicable coverage limit of the Policy described herein exceeds $75,000.00. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Defendants' principal place of business and residency is in Chattanooga, Tennessee. Thus, jurisdiction and venue lie with this Honorable Court.

## III. BACKGROUND FACTS

A. Underlying Action

5. On August 10, 2007, Catrelle Henderson and Tara Henderson (the "Hendersons") entered into a contract for the purchase of a house located at 7905 Hickory Hollow Lane, Chattanooga, Hamilton County, Tennessee, with the seller of the house, Red Leaf. Aaron Shipley acted as the sales agent on behalf of the listing broker, Re/Max Properties, LLC. On August 31, 2007, the parties closed the sale of the residence. The Hendersons occupied the home beginning on or around September 20, 2007.

6. On December 31, 2008, the Hendersons filed a lawsuit against Miller, individually and d/b/a Red Leaf, Red Leaf, Aaron Shipley, and Re/Max Properties, LLC in the Circuit Court for Hamilton County, Tennessee, being Docket No. 08-C-1533 ("Underlying Action").

7. Owners was first given notice of the claim on January 30, 2009.

8. A true, correct and authentic copy of the Complaint filed in the Underlying Action is attached hereto as *Exhibit A*.

9. The Hendersons allege in the Underlying Action that, shortly after moving into the home, they noticed raw sewage and a foul odor coming from the back yard of the home. They also allege that the sinks and toilets backed up, causing water damage to the downstairs portion of the home and damage to personal property due to a faulty septic system. They contend that Defendants Miller and Red Leaf knew of problems with the home's septic system and attempted unsuccessful repairs without disclosing same to them. The Hendersons contend that Red Leaf and Miller are liable to them for breach of contract and breach of implied warranties. Also, the Hendersons contend that Defendants are guilty of fraudulently misrepresenting the condition of the property and that said misrepresentations were made intentionally, knowingly and/or recklessly. In the alternative, the Hendersons alleged that the Defendants negligently misrepresented the condition of the property. Further, the Andersons contend that Defendant Re/Max Properties, LLC is liable to them for a violation of the Tennessee Consumer Protection Act for the unfair and deceptive acts of Defendant Aaron Shipley. The Complaint in the Underlying Action seeks actual damages in the amount of $250,000.00 and punitive damages against Defendants Miller and Red Leaf of $250,000.00.

B. The Policy

10. Owners Insurance Company issued its policy number 054619-03387781-07 to Red Leaf, which includes Commercial General Liability Coverage Form, being form number 55300 (7-05), which states in pertinent part as follows:

**SECTION I – COVERAGES.**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY.**

    **1. Insuring Agreement.**

        (a) We will pay those sums that the Insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.

        \* \* \*

        (b) This insurance applies to "bodily injury" and "property damage" only if:

            (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        \* \* \*

    **2. Exclusions.**

    This insurance does not apply to:

        **a. Expected or intended injury.**

        "Bodily injury" or "property damage" is expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

        \* \* \*

### f. Pollution.

(1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

> (a) At or from any premises, site, or location which is or was at any time owned or occupied by, or rented or loaned to, any Insured.

\* \* \*

### j. Damage to Property.

"Property damage" to:

(1) ...

(2) ...

(3) Premises you sell, give away, or abandon, if the "property damage" arises out of any part of those premises;

\* \* \*

(3) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

\* \* \*

### l. Damage to Your Work.

"Property damage" to "your work" arising out of it or any part of it and included in the "products – completed operations hazard".

\* \* \*

## SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS.

1. ...

2. **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

   (1) How, when and where the "occurrence" or offense took place;

   (2) The names and addresses of any injured persons and witnesses;

   and

   (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

**SECTION V – DEFINITIONS.**

\* \* \*

14. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

16. "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. "Waste" includes materials to be recycled, reconditioned, or reclaimed.

17. "Products – Completed Operations Hazard":

   a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

      (1) Products that are still in your physical possession; or

      (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

         (a) When all of the work called for in your contract has been completed.

(b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

(c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or sub-contractor working on the same project.

b. Does not include "bodily injury" or "property damage" arising out of:

(1) The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading of that vehicle by any insured;

(2) The existence of tools, uninstalled equipment or abandoned or unused materials; or

(3) Products or operations for which the classification, shown in the Declarations, states that the products-completed operations are included.

18. "Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it, or

b. Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the "Occurrence" that caused it.

\* \* \*

27. "Your work":

a. Means:

(1) Work or operations performed by you or on your behalf; and

(2) Materials, parts or equipment furnished in connection with such work or operations.

b. Includes:

(1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work; and

(2) The providing of or failure to provide warnings or instructions.

The Policy includes form number 55238 (6-04), FUNGI OR BACTERIA EXCLUSIONS, which provides in pertinent part as follows:

**A.** Under **SECTION I – COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions,** the following exclusions are added:

**1.** "Bodily injury" or "property damage" arising out of, in whole or in part, the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria, whether airborne or not, on or within a building or structure, including its contents. This exclusion applies whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

**2.** Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person, entity or governmental authority.

These exclusions do not apply to any "fungi" or bacteria that are on, or are contained in, a good or product intended for consumption.

11. Owners avers that *Exhibit B*, attached hereto, is a true, correct, and authentic copy of Commercial General Liability Coverage Form, being form number 55300 (7-05), which is incorporated in Owners Insurance Company policy number 054619-03387781-07 issued to Red Leaf.

12. Owners avers that *Exhibit C*, attached hereto, is a true, correct, and authentic copy of FUNGI OR BACTERIA EXCLUSIONS, form number 55238 (6-04), which is incorporated in Owners Insurance Company policy number 054619-03387781-07.

## IV. DECLARATORY JUDGMENT OF NO COVERAGE

13. Owners avers that the policy does not provide coverage for the alleged liability of Miller and Red Leaf with respect to the underlying action for reasons expressed below:

    a. Miller and Red Leaf breached the contract of insurance by failing to notify Owners as soon as practicable of an "occurrence" or an offense which might result in a claim;

    b. There is no coverage for liability for "property damage" alleged in the Underlying Action because such was expected or intended;

    c. There is no coverage for liability for "property damage" alleged in the Underlying Action because such arose out of operations of Miller and Red Leaf;

    d. The "property damage" alleged in the Underlying Action is excluded from coverage because it arose out of the work of Miller and Red Leaf;

    e. There is no coverage for liability for "property damage" alleged in the Underlying Action because such did not result from an "Occurrence" as defined by the Policy;

    f. The "property damage" alleged in the Underlying Action is excluded from coverage because it arose out of the discharge, dispersal, seepage, migration, release or escape of "pollutants";

    g. There is no coverage for liability for "property damage" alleged in the Underlying Action because the alleged "property damage" arises out of the premises sold by Miller and Red Leaf;

h. The "property damage" alleged in the Underlying Action is excluded from coverage under the Policy by virtue of the FUNGI OR BACTERIA EXCLUSIONS, being form number 55238.

i. Owners avers that it has no duty to defend the Underlying Action or indemnify Miller or Red Leaf for the reasons stated herein;

j. Owners specifically reserves the right to supplement its Complaint as additional facts become known.

### V. CONCLUSION AND PRAYER

13. For the foregoing reasons, Owners is entitled to a declaratory judgment pursuant to Rule 57 of the *Tennessee Rules of Civil Procedure* and Title 28 U.S.C. §2201, establishing that the Policy does not provide coverage to the insured for the Underlying Action, and that Owners has no obligation to defend or indemnify Miller or Red Leaf in the Underlying Action.

WHEREFORE, Owners Insurance Company hereby requests that a judgment be entered against the Defendants as follows:

1. Determining and providing Owners the declaratory relief requested here;

2. An award of attorney's fees;

3. An award of the costs of suit; and

4. An award of all other relief in law and in equity to which Owners may be entitled.

Respectfully submitted,

BAKER, KINSMAN, HOLLIS, CLELLAND & WINER, P.C.

By: *N Mark Kinsman*
N. MARK KINSMAN, BPR #6039
J. CHAD HOGUE, BPR #025457
*Attorneys for -Owners Insurance Company*
701 Market Street, Suite 1500
Chattanooga, TN 37402-4825
(423) 756-3333